The Honorable Randall W. Morley City Attorney P.O. Box 5757 North Little Rock, AR 72119
Dear Mr. Morley:
This is in response to your request for an opinion, on behalf of the equal employment officer and custodian of records for the City of North Little Rock, regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§25-19-101—107 (Repl. 1992). Your question stems from a request made for disclosure of "the EEO file" of an employee of the City. You state that the file contains written allegations by other employees of sexual harassment by the employee in question, within the context of employment by the City. It is my understanding that there has been no federal EEOC complaint filed in connection with the allegations. You also state that the employee in question was neither suspended nor terminated. It is my understanding that the custodian has denied the request to disclose the documents based upon the exemption set out at A.C.A. § 25-19-105(c)(1) for "employee evaluation or job performance records." You have requested that I render an opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), as to whether the custodian's decision not to release the documents is consistent with the FOIA.
For the reasons that follow, it is my opinion that a decision not to release the requested records is, in all likelihood, consistent with the FOIA.
Section 25-19-105(c)(1) states that:
 . . . [A]ll employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
Accordingly, such information is exempt from public disclosure only until such time that it forms the basis for the dismissal or suspension of an employee who has exhausted his or her administrative appeals and if compelling public interest warrants disclosure. A.C.A. § 25-19-105(c)(1). The FOIA does not define "employee evaluation or job performance records." This office has opined, in the absence of such a definition, that one might reasonably contend that a job performance record details the performance or lack of performance of the employee in question with regard to a specific incident or incidents. See Op. Att'y Gen. 91-153. Other factors may be involved in determining in any given instance whether a particular record is a job performance record, and fact questions may arise in this regard. To the extent, as a factual matter, the records in question detail the performance of the employee with regard to a specific incident in connection with his or her employment by the City, it is my opinion that such records would constitute job performance records.
You have indicated in your request that the City has a personnel policy which provides that "any city employee while on duty who intentionally harasses any person on the basis of sex shall be subjected to suspension or termination from the employment of the city." You have also indicated that the employee in question was neither suspended nor terminated. I must assume that the allegations were investigated by the City, and while I have not reviewed the records in question, I will also assume that the documents, which contain allegations of sexual harassment, constitute details of the employee's performance while on the job. Such records would, in my opinion, constitute job performance records. In order to be subject to public disclosure these documents must have formed the basis for dismissal or suspension of the employee and his or her administrative remedies must have been exhausted. You have indicated, however, that there has been no such dismissal or suspension of the employee. Assuming that this is in fact the case, it appears that the first criterion for disclosure has not been satisfied and, accordingly, such job performance records should not be made available for inspection. The custodian's decision not to release the records is thus consistent with the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh